241 N.J. Super. 16 (1990)
574 A.2d 448
CENTEX HOMES OF NEW JERSEY, INC., PLAINTIFF-RESPONDENT/CROSS-APPELLANT,
v.
DIRECTOR, DIVISION OF TAXATION, DEFENDANT-APPELLANT/CROSS-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 25, 1990.
Decided May 11, 1990.
Before Judges KING, SHEBELL and BAIME.
*17 Jeanne E. Gorrissen, Deputy Attorney General, argued the cause for appellant (Robert J. Del Tufo, Attorney General, attorney; Michael R. Clancy, Assistant Attorney General, of counsel, Jeanne E. Gorrissen on the brief).
Keith A. Krauss argued the cause for respondent (Connell, Foley & Geiser, attorneys; Keith A. Krauss of counsel; Janet Zaorski Kalapos on the brief).
PER CURIAM.
The judgment of the Tax Court is affirmed substantially for the reasons expressed in Judge Andrew's majority opinion, reported at 10 N.J. Tax 473 (1989). We are in accord with the majority's conclusion that under the New Jersey Corporation Business Tax Act (N.J.S.A. 54:10A-1 to -40) funds borrowed by a taxpayer corporation from its corporate great-grandparent which holds no shares of the taxpayer's stock are to be included in the net worth of the taxpayer only if the funds are indirectly owed to the parent of the taxpayer corporation. 10 N.J. Tax at 483. Specifically, we agree that the word "holders," as used in N.J.S.A. 54:10A-4(d)(5), is restricted to the actual record holders of stock, even when such record holders are wholly owned subsidiaries of the controlling grandparent or great-grandparent corporation.
We do not read Judge Andrew's opinion as requiring the Division of Taxation to acquiesce in and blindly accept the label that a taxpayer places on a transaction. As noted by Judge Andrew, however, "[t]here is nothing in the record to indicate that the loans at issue were mere sham transactions designed solely to evade corporation business taxes." 10 N.J. Tax at 491, n. 4. We find no basis in the record to disturb that conclusion. See Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 483-484, 323 A.2d 495 (1974).
Accordingly, the judgment of the Tax Court is affirmed on the principal appeal and cross appeal.